# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

───────────────

m 00-31057
Summary Calendar

───────────────


BRENDA MEEKINS,

Plaintiff-Appellee,

VERSUS

ROBERT P. THOMPSON,
DIRECTOR, FAMILY INDEPENDENCE WORK PROGRAM;
LAURA PEASE,
DIRECTOR, FAMILY INDEPENDENCE WORK PROGRAM;
LAURA BECK,
ASSISTANT DIRECTOR, FAMILY INDEPENDENCE WORK PROGRAM,

Defendants-Appellants.


───────────────────────────

Appeal from the United States District Court
for the Eastern District of Louisiana
(98-CV-2047-J)

───────────────────────────

April 4, 2001

Before SMITH, BENAVIDES,
and DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

───────────────────────

[*] Pursuant to 5TH CIR. R. 47.5, the court has
(continued...)

Brenda Meekins sued, among others,

───────────────────────────

[*](...continued)
determined that this opinion should not be
published and is not precedent except under the
limited circumstances set forth in 5TH CIR. R.
47.5.4.

Robert P. Thompson, Laura Pease, and Laura Beck in their individual and official capacities under 42 U.S.C. §§ 1981, 1983, and 1985 for alleged civil rights violations. Asserting qualified immunity as a defense, those three defendants appeal the denial of their motion to dismiss for failure to state a claim. Because the district court correctly found Meekins's allegations sufficient to survive the motion to dismiss, we dismiss the appeal for want of jurisdiction.

I.

Meekins was employed as a Family Security Program Specialist II in the Family Independence Work Program ("FIND") of the Louisiana Department of Social Services. Her employment was terminated, so she sued, complaining that her termination was retaliatory, in violation of the First Amendment.

Meekins's original complaint sought injunctive and monetary relief, naming appellants and other officials in their official capacities only. The defendants, claiming qualified immunity, filed a motion seeking either dismissal or judgment on the pleadings, or alternatively, a more definite statement of the claims. In response, and pursuant to *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995) (en banc), the district court ordered Meekins to submit a reply under FED. R. CIV. P. 7(a) addressing qualified immunity.[1] The court

found Meekins's complaint, augmented by her rule 7(a) reply, sufficient to assert a cause of action under §§ 1981 and 1983 and denied the motion to dismiss.

Meekins then filed a motion to amend her complaint to assert claims against defendants in their individual capacities, which a magistrate denied, whereupon Meekins filed a separate action in the district court, asserting the individual capacity claims. The court consolidated the actions and dismissed the second action without prejudice.

Before consolidation, the defendants perfected an interlocutory appeal to this court; we dismissed the monetary claims on the ground of sovereign immunity, leaving intact the claims for injunctive relief. *Meekins v. Foster*, No. 99-30583, at 6-7 (5th Cir. April 3, 2000) (unpublished). We declined, however, to rule on the individual capacity claims, because they had not been consolidated with the original action until after the defendants had filed their notice of appeal. *Id.* at 6.

On remand and after consolidation, defendants moved for dismissal of the individual capacity claims, and the court dismissed the claims against all defendants except appellants, with respect to whom the

---

[1] *Schultea* established the use of a rule 7(a) reply to resolve the inherent conflict between the Federal Rules' notice pleading procedures and the substantive right of qualified immunity, which requires that a plaintiff allege with particularity those facts necessary to overcome a qualified immunity defense:

(continued...)

---

[1](...continued)

When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations.

*Shultea*, 47 F.3d at 1433.

2

court denied the motion to dismiss, reasoning that

> after a fair reading of the Complaint as a whole and plaintiff's *Schultea* reply, plaintiff has sufficiently alleged facts to state a claim for violation of her civil rights. She alleges that she was fired because she spoke out about welfare and welfare reform, and was critical of the way the state handled welfare reform.

## II.

Although the denial of a motion to dismiss is normally not appealable, we review *de novo* the denial of a motion to dismiss on qualified immunity grounds; such a denial is considered an appealable collateral order when rendered on an issue of law. *Shipp v. McMahon*, 234 F.3d 907, 910 (5th Cir. 2000), *petition for cert. filed* (U.S. Mar 5, 2001) (No. 00-1392). We do not have jurisdiction in this posture to review the evidentiary sufficiency of the allegations, however. *Steadman v. Tex. Rangers*, 179 F.3d 360, 365 (5th Cir. 1999) (stating that we have jurisdiction to review only "legal" issues under the collateral order doctrine and noting that "[a]n order is not 'legal' where it resolves a fact-related dispute of 'evidence sufficiency.'"), *cert. denied*, 528 U.S. 1115 (2000).

A motion to dismiss under rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Shipp*, 234 F.3d at 910 (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1986)). Surviving a motion to dismiss is generally not a high hurdle for a plaintiff: We liberally construe the complaint in favor of the plaintiff, and we take as true all facts in the complaint; a motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)).

With respect to claims against which qualified immunity can be a defense, however, we require a heightened standard of pleading, whereby the plaintiff must allege specific conduct giving rise to a constitutional violation. *Id.* Such allegation "must be pleaded with factual detail and particularity, not mere conclusionary allegations." *Jackson v. Widnall*, 99 F.3d 710, 715-16 (5th Cir. 1996) (quotation marks omitted). Specifically, "the plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). In addition, the plaintiff must allege a violation of a "clearly established constitutional right." *Shipp*, 234 F.3d at 911.[2]

A plaintiff who states a First Amendment claim sufficiently alleges the violation of a clearly established right. *Kennedy*, 224 F.3d at 377. The plaintiff must establish that the asserted protected speech addressed a matter of public concern; if he does so, "the court

---

[2] If a plaintiff alleges facts sufficient to show that the defendants violated a clearly established right, the court must inquire "whether the defendants' conduct was objectively reasonable in light of 'clearly established' law at the time of the alleged violation." *Kennedy v. Tangipahoa Parish Library Bd. of Control*, 224 F.3d 359, 377 (5th Cir. 2000). Appellants, however, contend only that Meekins has failed to show that they violated a clearly established right, so the second stage of the inquiry is not before us.

must strike 'a balance between the interests of the [employee], as a citizen, in commenting upon matters of public concern [against] the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees.'" *Click v. Copeland*, 970 F.2d 106, 111 (5th Cir. 1992) (quoting *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968)).

Appellants contend that they fired Meekins for insubordination and inappropriate contact with Southern University of New Orleans ("SUNO") and other potential contractors under the FIND program. Meekins disagrees with the characterization of her contact with SUNO, contending that her relationship with it constituted protected activity under the First Amendment, because she participated "in public speech on issues of welfare reform and welfare related matters at [SUNO] . . . ." Moreover, Meekins contends in her complaint, the true reason for her dismissal was her refusal to participate inSSand, more importantly, disclosure ofSSthe misconduct of Appellants, the managers of the FIND program: "Thompson, Pease, and Beck have conspired to unlawfully terminated [*sic*] plaintiff from her position because she exercise [*sic*] rights protected by the First Amendment to the United States Constitution and because she has been a whistleblower and has complained of illegal practices of the Department's Office of Family Support Orleans Region."

Appellants argue that Meekins's claims allege facts insufficient to overcome the qualified immunity defense. Specifically, they argue, Meekins has shown neither that she engaged in a protected activity nor that her interest in pursuing that activity outweighs the government's interest, as required by *Pickering*. Meekins, however, has alleged, *inter alia*, that she was fired in retaliation for revealing the misconduct of the officials in the FIND program.[3] In her rule 7(a) reply, she sets forth many specific allegations of misconduct and alleged attempts to report that misconduct to higher officials, to buttress her claim of whistleblower retaliation.

A public employee has "a clearly established right to speak on matters of public concern, on matters of public safety, and on matters of official misconduct." *Kennedy*, 224 F.3d at 376 (citations omitted) (compiling cases). Likewise, allegations of corruption, if true, "are matters of public concern and outweigh the government's interest in efficiency." *Breaux v. City of Garland*, 205 F.3d 150, 157 n.10 (5th Cir.), *cert. denied,* 121 S. Ct. 52 (2000).

Although *Breaux* focused on the objective truth of the plaintiff's allegations in finding that they were matters of public concern, that case was decided after a jury trial. In the context of a motion to dismiss, we must accept as true Meekins's allegations of misconduct. Thus, her claims not only allege speech on a matter of public concern; they also, at least for purposes of the motion to dismiss, establish by their nature that Meekins's interest outweighs the government's. Meekins also has alleged that all three appellants were intimately involved both in the purported misconduct and in her allegedly improper termination, meeting the requirement that the named defendants be somehow causally connected to the alleged constitutional violation.

---

[3] We need not address whether Meekins's other alleged protected speechSSher discussions of welfare reform at SUNOSSrelated to a matter of public concern, because we find that her allegations of whistleblower retaliation are sufficient.

4

Meekins therefore alleges sufficient facts to survive the motion to dismiss.  On remand, the district court may find that Meekins's allegations of misconduct and retaliation have no evidentiary support; we have no jurisdiction, however, to address that issue now.  We may reverse the order only if Meekins did not allege facts that, if true, would defeat a qualified immunity defense.  She has done so, and we therefore are without jurisdiction to entertain this appeal.

DISMISSED.